IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| ROLAND RAMOS, # 894721 | § | |
|---|---|---|
| | § | |
| v. | § | CIVIL ACTION NO. G-03-975 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| DIRECTOR OF TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus[1] of Roland Ramos, a prisoner in the Texas Department of Criminal Justice--Correctional Institutions Division. Respondent filed an Answer seeking dismissal with prejudice of Petitioner's claims. Petitioner has responded. Also before the Court is the Petitioner's "Motion for Leave of Court to Take the Oral Deposition of Kristine Coronado Ramos." Having carefully considered the Petition, the parties' motions and briefs, and the state court records, the Court submits its Report and Recommendation to the District Court.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 122nd District Court of Galveston County, Texas on August 30, 1999. Petitioner was indicted and charged with two counts of aggravated sexual assault of a child and one count of indecency with a child. Petitioner pled "not guilty" to the charges. The case was tried to a jury. The jury, after

---

[1] Petitioner initially filed three habeas petitions for each of his convictions that the Court consolidated into one action in an Order signed December 3, 2003.

hearing all the evidence, found Petitioner guilty of the offenses alleged in the indictment. Petitioner was sentenced to thirty (30) years confinement for aggravated sexual assault of a child (J.A.) in cause number 98CR0765, and twenty-five (25) years confinement for the additional count of aggravated sexual assault of a child (J.A.)[2] in cause number 98CR0767. The trial court ordered these sentences to run concurrently. Petitioner was also sentenced to fifteen (15) years confinement for indecency with a child (V.R.) in cause number 98CR0766, and the court ordered this sentence to commence after the completion of the other sentences.

Petitioner appealed his conviction. The court of appeals affirmed his conviction on October 25, 2001. *Ramos v. State*, Nos. 14-99-01197-CR, 14-99-01200-CR, and 14-99-01201-CR, 2001 WL 1287359 (Tex.App. [14th Dist.] October 25, 2001). His petition for discretionary review was refused by the Texas Court of Criminal Appeal on April 10, 2002.

On July 3, 2003, through counsel, Petitioner filed three state writs of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. All were denied without written order on November 19, 2003. Petitioner filed the instant writ in federal court on November 24, 2003. In his federal writ, Petitioner states the following grounds for relief: (1) trial counsel rendered ineffective assistance of counsel which he claims stems from a number of errors; (2) the trial court erred by imposing consecutive sentences;[3] (3) the evidence was legally insufficient to support a

---

[2] The Court notes that when the incident occurred the victims, ages 4 and 2 years old, were both minors. As they are minors, this Court will refer to them only by their initials.

[3] On December 4, 2003, three (3) "Memorandum Brief In Support of Petitions [sic] Writ of Habeas Corpus" were filed by Petitioner–one for each of his convictions. The grounds set forth in the Memorandum are, for the most part, identical. However, this Court observes that in two of the writs, Petitioner also asserts that he was denied effective assistance of trial counsel because counsel failed to object to the imposition of consecutive sentence (Pet'r Memo. [Case No. G-03-977 & G-03-976] at 19), and that the trial court's imposition of consecutive sentences was unauthorized by law. (Pet'r Memo. [Case No. G-03-977 & G-03-976] at 22).

2

finding of guilt; (4) the evidence was factually insufficient to support a finding of guilt; and (5) he is innocent.

      A.  <u>Claims of Ineffective Assistance of Trial Counsel</u>

Petitioner raises numerous claims of ineffective assistance of trial counsel. Specifically, Petitioner asserts that counsel was ineffective for the following reasons:

> (1) failed to object to the prosecutor's opening statement that he wanted to show videotapes of the complainants but did not know if the court would let the jury see them; thereafter the State did not offer them; (2) failed to object to hearsay testimony from Kristine Ramos, the complainants' mother, that several months before the incident, J.A., said that he had been touching her vaginal area; (3) failed to object to Kristine Ramos testimony that she believed J.A.; (4) failed to object when the prosecutor elicited testimony that Kristine Ramos had an pending charge of child endangerment; (5) failed to object when the prosecutor improperly impeached Petitioner on collateral matters; (6) failed to object the prosecutor's argument, outside the record, that the State would have to dismiss 70 to 80 percent of all child sexual abuse cases if medical evidence of abuse were required for a conviction; (7) failed to question him about the allegations in two of the three indictments; and (8) failed to object to the trial court's imposition of consecutive sentences.

(Pet. at 7a; Pet'r Memo. at 3-15).

The Sixth Amendment to the Constitution provides criminal defendants a right to effective assistance of counsel. U.S. CONST., Amend. VI. It does not, however, guarantee a criminal defendant errorless representation. *Moreno v. Estelle*, 717 F.2d 171, 176 (5th Cir. 1983), *cert. denied*, 466 U.S. 975 (1984). To successfully state a claim of ineffective assistance of counsel, a petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner's failure to establish either prong of *Strickland* necessarily requires a finding that counsel's performance was constitutionally effective. *Id.* at 687.

3

When determining whether counsel's performance was deficient, courts will "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Id.* at 689; *see also, Wilkerson v. Collins*, 950 F.2d 1054, 1064 (5th Cir. 1992), *cert. denied*, 59 U.S. 921 (1993) (a reviewing court must be highly deferential to the trial attorney's conduct and presume that assistance was reasonably effective). Furthermore, there is a presumption that counsel's strategic decisions cannot amount to ineffectiveness. "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chose that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (*quoting Garland v. Magio*, 717 F.2d 199, 206 (5th Cir. 1983) (on rehearing)); *see also*, *Moreno*, 717 F.2d at 177 (counsel will not be deemed ineffective for failing to advance a defensive theory when his decision was a reasonable strategic choice based upon a "professional assessment of the plausibility of the defense and its likelihood of success at trial"). Therefore, when making that determination, the court must examine the proceedings as a whole, giving due consideration to the weight of the evidence supporting the verdict and evaluating the alleged failings of counsel in that total setting. *Strickland*, 466 U.S. at 688 (an ineffective claim is judged not by isolating a portion of counsel's representation, but on the totality of the representation).

The second prong of the test requires a petitioner to show prejudice. To establish prejudice, a petitioner must establish that "there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" means a probability sufficient to undermine the confidence in the outcome. *Id*. A petitioner must "affirmatively prove prejudice." *Id.* at 693. A petitioner cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir.), *cert. denied*, 506 U.S. 829 (1992). Nor can a petitioner rely on

conclusory allegations to satisfy this prong. *Schlang v.* Heard, 691 F.2d 796, 799 (5th Cir. 1982), *cert. denied*, 461 U.S. 951 (1983); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990).

Finally, when there has been an adjudication on the merits in state court, as there has been here, a federal court may not grant habeas relief unless it decides that the state court's application of the *Strickland* standard was "objectively unreasonable." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 409-10 (2000). In making this determination, a federal court's focus is on the state court's ultimate legal conclusion, not its reasoning. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003).

Turning to Petitioner's specific claims, he first contends that his retained counsel, Michael Fieglein, was ineffective for failing to object to the prosecutor's opening statement that he wanted to show videotapes of the complainants but did not know if the court would let the jury see them and, thereafter, the State did not offer them. (Pet. at 7a; Pet'r Memo. at 3-4). The Court finds no merit in Petitioner's claim. The record reflects that a videotape of the children existed and, prior to trial, the State filed a notice of its intent to use the videotape, but the admissibility of the videotapes had not been ruled upon by the trial court. (Trial Transcript (T.T.), Vol. 3 at 8:2-13). In an affidavit defense counsel explained that while he realized that the statement may have been improper, he made the decision not to object because he determined it would be more advantageous if the court ruled the videotapes were inadmissible so that he could later comment on this lack of evidence. (Pet'r Memo., Ex. 3). The State never submitted the videotape at trial and, such, their admissibility was not determined. Nevertheless, at the time presented, it was reasonable for defense counsel to believe, given the State's prior written notice of its intent to offer such evidence, that the State would offer the videotapes into evidence during the trial. The Court finds that defense counsel's decision not to object during the State's opening, was a reasonable decision, based on facts existing at the

5

time, that falls within the ambit of sound trial strategy. Furthermore, as argued by the State, because the jury was expressly instructed not to consider any matters not in evidence, Petitioner has not established that counsel's failure to object prejudiced him. (T.T. , Vol. 5 at 76; 112:21-25; 113:1-18).

Second, Petitioner contends trial counsel failed to object to hearsay testimony from Kristine Ramos, the complainants' mother, that several months before the incident J.A. told her that Petitioner had been touching her vaginal area. (Pet'r Memo. at 6). Reviewing the trial testimony the Court observes that Kristine Ramos clearly testified that she did not have any prior indication that Petitioner had sexually abused J.A. (T.T., Vol. 3 at 57:7-22). In direct response to her testimony, the State sought to impeach her with prior inconsistent statements that were contained in her earlier written statement to the police. (T.T., Vol. 3 at 57:23-25; 58:1-19). Tex.R.Crim.Evid. 613(a). Although Petitioner asserts that the statement was hearsay, under the Texas Rules of Evidence, the use of a recorded recollection to refresh the witnesses memory is considered an exception to the hearsay rules. Tex. R. Crim. Evid. 803(5). Furthermore, under the Texas Rules, the use of a prior inconsistent statement is permissible, and not considered to be hearsay, if it is used only to impeach and attack the credibility of the witness and not to establish the truth of the matter asserted. Tex. R. Crim. Evid. 801(e)(1)(A). Therefore, the Court cannot conclude that defense counsel erred in failing to object.

Third, Petitioner contends trial counsel's performance was deficient because he failed to object to Kristine Ramos testimony that she believed J.A. (Pet. at 7a). A witness is not permitted to give an opinion regarding the truth or falsity of other testimony. *See Ayala v. State*, 352 S.W.2d 955, 956 (Tex.Crim.App. 1962). The State argues that defense counsel did not error in objecting because it was "proper impeachment given the fact that Kristine and Ramos [Petitioner] had

6

reconciled and she was not recanting her statements at trial." (State Answer at 14). The Texas Rules of Evidence do allow opinion evidence regarding character once a witness' character for truthfulness has been attacked. Tex. R. Crim. Evid. 608(a). Nevertheless, even assuming that counsel should have objected, Petitioner conclusory statements are not sufficient to establish that the result of the trial would have been different had counsel acted differently. *See Wilkerson v. Whitley*, 16 F.3d 64, 68 (5th Cir. 1994), opinion reinstated in part on other grounds, 28 F.3d 498, *cert. denied*, 513 U.S. 1085 (1995) (if facts adduced at trial point so overwhelmingly to the defendant's guilt that even the most competent attorney would be unlikely to have obtained an acquittal, defendant's ineffective assistance claim must fail).

Fourth, Petitioner contends that trial counsel failed to object when the prosecutor elicited testimony from Kristine Ramos that she had a pending charge of child endangerment. (Pet. at 7a). The existence of arrests or pending criminal charges against a witness are not generally admissible for purposes of impeachment. Tex.Rule Crim. Evid. 608(b); 609. However, the Texas Rules of Criminal Evidence permit the impeachment of a witness "by proof of circumstances or statements showing bias or interest on the part of such witness." Tex. Rule Crim. Evid. 613(b). A review of the record reflects that Kristine Ramos reconciled with the Petitioner shortly after the incident, the result of which prompted the State to take her children into its custody and charge her with child endangerment. (T.T., Vol. 3 at 107:10-19). Furthermore, during her trial testimony, Kristine Ramos made numerous attempts to minimize her prior statements regarding the incident. Under Rule 613(b) it would have been proper for the State to impeach Kristine Ramos on this point because the circumstances revealed a bias or interest on her part. Defense counsel's conduct cannot, therefore, be considered deficient as he is not required to make futile objections. *Westley v. Johnson*, 83 F.3d 714, 722 (5th Cir. 1996).

Fifth, Petitioner contends that he was denied effective assistance of counsel because counsel failed to object when the prosecutor improperly impeached him on collateral matters. Petitioner's claim is without merit. Initially, as explained by defense counsel in his affidavit, he did not object because he believed that if he did he would only call more attention to the inconsistencies in Petitioner's statements. (Pet'r Memo., Ex. 3 at 2-3). Defense counsel's assumptions regarding the jury's assessment was not only sound, but a reasonable trial strategy. Furthermore, a review of the record reveals that Petitioner testified on direct examination about his whereabouts that day–namely, that he was at work during the day; and that he had only had a few drinks and was not drunk. (T.T., Vol. 5 at 34-46). When an accused "testifies gratuitously about some matter that is irrelevant or collateral to the proceeding, ... the State may impeach him by showing he has lied or is in error regarding the matter." *Cunningham v. State*, 815 S.W.2d 313, 319 (Tex.App.–Dallas 1991, no pet.); *see also*, Tex. R. Crim. Evid. 613(a). Here, having "opened the door" to these matters, it was within the State's scope of cross-examination to impeach him with prior inconsistent statements he made under oath in another proceeding. (T.T., Vol. 5 at 46-56). Defense counsel's failure to object cannot be considered deficient.

Sixth, Petitioner maintains that counsel rendered ineffective assistance when he failed to object to the prosecutor's argument, outside the record, that the State would have to dismiss 70 to 80 percent of all child sexual abuse cases if medical evidence of abuse were required for a conviction. This Court disagrees. The Texas Court has held that proper areas for closing argument to the jury include: (1) summary of the evidence; (2) reasonable deductions from the evidence; (3) response to opposing counsel's argument; and (4) pleas for law enforcement. *Guidry v. State*, 9 S.W.3d 133, 154 (Tex.Crim.App. 1999), *cert. denied*, 531 U.S. 837 (2000); *Borjan v. State*, 787 S.W.2d 53, 55 (Tex.Crim.App. 1990). In his closing, defense counsel argued that there was no

medical evidence that any sexual abuse had occurred (T.T., Vol. 5 at 89-90; 92:12-25), and the State then responded to this in its closing argument. ( T.T., Vol. 5 at 101:19-25; 102:1-20). Further, contrary to Petitioner's assertions, the State's response was based on evidence in the record (T.T., Vol. 3, 65:9-25; 95:9-23) and, therefore, constituted both a summary of and a reasonable deduction from the evidence presented. Accordingly, this Court finds no deficiency in defense counsel's failure to object.

Seventh, Petitioner contends that trial counsel's performance was deficient because he failed to question him about whether he committed the allegations contained in two of the three indictments. The Court finds no error. Defense counsel is not required to ask his client, while he is on the stand, if he is guilty of the charges. Instead, the determination is generally left to the sound discretion of counsel. Here, Petitioner pled not guilty to the charges against him. Petitioner had the opportunity to testify and did, in fact, testify in his defense during which he presented his side of the facts. Given the evidence presented in this case, defense counsel could have reasonably considered any such line of questioning as a basis to further weaken the Petitioner's credibility in front of the jury. Nevertheless, having taken the stand to testify, there was nothing that precluded Petitioner from offering such testimony of his own volition. Finally, with respect to this claim, the Court observes that in closing arguments, defense counsel reiterated his theory of the case by summarizing the testimony of the witnesses, the lack of physical evidence presented, and by once again reminding the jury the burden rested with the State and that the Petitioner was presumed innocent until proven guilty. (T.T. Vol. 5 at 97:3-22). This Court finds no basis for Petitioner's assertion that trial counsel's conduct was deficient.

In his eighth and final claim, Petitioner contends that trial counsel was ineffective because he failed to object to the trial court's imposition of consecutive sentences. (Pet'r Memo. at 19). The

9

Court finds no merit in Petitioner's claims. The Texas Court of Criminal Appeals has held "[a]n improper cumulation order is, in essence, a void sentence, and such error cannot be waived. A defect which renders a sentence void may be raised at any time. Consequently, a contemporaneous objection is not necessary to preserve the error for appellate review." [Citations omitted]. *La Porte v. State*, 840 S.W.2d 412, 415 (Tex.Crim.App. 1992); *Hendrix v. State*, 150 S.W.3d 839, 852 (Tex.App.–Hous. [14th Dist.] 2004, pet. ref'd). Accordingly, defense counsel's conduct was not deficient for failing to object to this claimed error.[4]

In conclusion, notwithstanding his claims of ineffective assistance of trial counsel, Petitioner has failed to establish that the state court's application of *Strickland* was objectively unreasonable. This Court finds no basis for federal habeas relief. 28 U.S.C. § 2254(d); *Williams*, 529 U.S. at 409-10. Accordingly, the Court **RECOMMENDS** that the Petition be **DENIED** on all these issues.

### B. Claim of Trial Court Erred by Imposing Consecutive Sentence

Petitioner claims that the trial court erred in stacking his sentences for aggravated sexual assault with his sentence for indecency with a child. Petitioner appears to claim an *ex post facto* and due process violation due to this alleged error.[5] The State appears to have overlooked this issue as it was not addressed in its Answer. Accordingly, the Court will refrain, at this time, from making a recommendation on this issue and will request the State supplement its Answer so as to address this issue.

### C. Insufficiency Claims

---

[4]In his affidavit, defense counsel appears to been aware of this as he states that, while his arguments regarding the imposition of concurrent sentences was not on the record, he understood that given the nature of the trial court's ruling that it could still form the basis of an appeal. Pet'r Memo., Ex. 3 at 4).

[5] *Supra* note 3.

In his third and fourth ground of error, Petitioner claims that the evidence presented to the jury was both legally and factually insufficient to support his convictions of guilt in cause number 98-CR-0767 and 98-CR-0766. Specifically, Petitioner maintains that, with regard to cause number 98-CR-0767, there was either no evidence or insufficient evidence that he penetrated J.A.'s sexual organ using his hand or finger (Pet'r Memo. at 19-25); and, with regard to cause number 98-CR-0766, there is no evidence or insufficient evidence that he touched V.R. with the specific intent to arose and gratify his sexual desire. (Pet'r Memo. at 22-30).

Initially, with regard to Petitioner's claim of factual insufficiency, this claim must be denied. A claim of factual insufficiency is a creation of Texas state law. *Clewis v. State*, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). No such distinction is recognized by federal courts and, therefore, claims of factual insufficiency are not cognizable when seeking federal habeas relief. *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). This Court will, however, proceed to address Petitioner's claim for legal insufficiency.

Claims of insufficient evidence are ordinarily not cognizable in Texas in a habeas proceeding. *Ex parte McLain*, 869 S.W.2d 349 (Tex. Crim. App. - 1994). It has long been held under Texas law that a claim of legal insufficiency cannot be raised in a writ of habeas corpus; it can only be asserted in a direct appeal. *West v. Johnson*, 92 F.3d 1385, 1398 n.18 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997). Petitioner raised this issue on appeal and then ultimately to the Court of Criminal Appeals in a petition for discretionary review. As such, the Court cannot grant habeas relief unless Petitioner shows that the state court's judgment (1) resulted in a decision contrary to, or involved an unreasonable application of, federal law, or (2) was unreasonable in light of the evidence. 28 U.S.C. § 2254(d)(1)-(2).

In determining a claim for legal insufficiency, a federal habeas court decides whether "in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary" for the crime's essential elements. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). All credibility choices must be construed in favor of the verdict. *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999), *cert. denied*, 531 U.S. 822 (2000). Here, Petitioner has not shown that the state court's judgment in this matter involved an unreasonable application of federal law or was unreasonable in light of the evidence.

The Court, therefore, **RECOMMENDS** that the Petition be **DENIED** on these issues.

### D.  Claim of Innocence

Petitioner claims he is innocent. In support of his claim, Petitioner submits new evidence for the Court's consideration which consists of the results of his polygraph test, which the examiner evaluated as "no deception indicated" (Pet'r Memo. at "X"; Ex. 1), and the affidavit of Kristine Coronado Ramos in which he claims she recants her testimony. (Pet'r Memo., Ex. 5).

A claim of actual innocence based on newly discovered evidence does not state a basis for relief in a federal writ of habeas corpus absent an independent constitutional violation. *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Here, Petitioner fails to establish any such violation. However, even assuming arguendo that Petitioner could establish an independent constitutional violation, he still fails to establish his claim. The law is clear that "the miscarriage of justice exception is concerned with actual as compared to legal innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). "To be credible," a claim of actual innocence must be based on "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). If the petitioner asserts his actual innocence of the underlying crime, he must demonstrate, "in light of all

the evidence," that "it is more likely than not that no reasonable juror would have convicted him." *Id.* at 328.

In the present case, the Court's review of the trial transcript and evidence presented reveals that the State presented ample evidence to support the offenses for which Petitioner was charged. Given the totality of the evidence presented of Petitioner's guilt, to suggest that no reasonable juror would have convicted Petitioner of the offenses charged if presented with the results of his polygraph test, even if it were admissible in state court, and/or the affidavit from his wife, Kristine Ramos,[6] exceeds reason. *See also Spence v. Johnson,* 80 F.3d 989, 1003 (5th Cir.), *cert. denied*, 519 U.S. 1012 (1996) (a claim of innocence based on a trial witness's recantation of his testimony is inherently suspect).

### E. Petitioner's Request for Leave to Take Deposition

On January 27, 2006, Petitioner's Motion for Leave of Court to Take Oral Deposition of Kristine Coronado Ramos" was filed. As a basis for his Motion, Petitioner requests to take Kristine Ramos' deposition because she was "The State's Key-Witness," who has since recanted her previous trial testimony which was central to his conviction. In support of his claims that the witness has recanted her claims, Petitioner refers Kristine Ramos' affidavit. (Pet'r Memo., Ex. 5).

Contrary to Petitioner's contentions, and as previously discussed, Kristine Ramos' affidavit actually preceded her trial testimony, therefore, it is not a recantation of her trial testimony. Furthermore, a review of the record reveals that, although called by the State as a witness at trial, Kristine Ramos was actually a hostile witness to the State, making every attempt in her testimony

---

[6]The Court observes that Kristine Ramos' affidavit was sworn to on May 8, 1998, which is more than a year <u>before</u> her trial testimony in August 1999. Therefore, this affidavit is not new evidence as it was in existence at the time of trial, and cannot properly be considered an affidavit in which she"recants" her trial testimony.

to minimize or recant her prior statements to the police.  The Court finds no basis to authorize Petitioner leave to conduct any such deposition.  The Court, therefore, **RECOMMENDS** that Petitioner's request be **DENIED**.

### Conclusion

For all the reasons stated herein, the Court **RECOMMENDS** the Petitioner's "Motion for Leave of Court to Take the Oral Deposition of Kristine Coronado Ramos" (Instrument No. 10) be **DENIED** and the Petition for a Writ of Habeas Corpus of Roland Ramos (Instrument No. 1) be **DISMISSED on all grounds except on ground number 2, as set forth above**.

The Clerk shall send copies of this Report and Recommendation to the Plaintiff by the means in place for transmission of same.  Plaintiff shall have until **July 31, 2006,** in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300.  **Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration.  Failure to file written objections within the prescribed time shall bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____14th_____ day of July, 2006.

_____
John R. Froeschner
United States Magistrate Judge

14