IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| ROLAND RAMOS, # 894721 | § |
| | § |
| v. | § CIVIL ACTION NO. G-03-975 |
| | § |
| NATHANIEL QUARTERMAN, | § |
| DIRECTOR OF TDCJ-CID | § |

## REPORT AND RECOMMENDATION

Before the Court is the Petition for a Writ of Habeas Corpus[1] of Roland Ramos, a prisoner in the Texas Department of Criminal Justice--Correctional Institutions Division. Respondent filed an Answer seeking dismissal with prejudice of Petitioner's claims, to which Petitioner responded. This Court submitted a Report and Recommendation to the District Court recommending the dismissal of all Petitioner's claims with the exception of claim number two as this issue was not addressed by Respondent in its response. After reviewing the case *de novo*, the District Court adopted the Report and Recommendation in full, and referred the case back to this Court for further proceedings and this Court ordered a supplemental response. On October 13, 2006, Respondent filed a Supplemental Motion for Summary Judgment. (Instrument No. 25). Petitioner filed a response on November 11, 2006. (Instrument No. 27). The Court, having carefully considered the Petition, the parties' motions and briefs, and the state court records, submits its Report and Recommendation to the District Court.

---

[1] Petitioner initially filed three habeas petitions for each of his convictions that the Court consolidated into one action in an Order signed December 3, 2003.

The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. The State has custody of Petitioner pursuant to a judgment and sentence entered by the 122nd District Court of Galveston County, Texas on August 30, 1999. Petitioner was indicted and charged with two counts of aggravated sexual assault of a child and one count of indecency with a child. Petitioner pled "not guilty" to the charges. The case was tried to a jury. The jury, after hearing all the evidence, found Petitioner guilty of the offenses alleged in the indictment. Petitioner was sentenced to thirty (30) years confinement for aggravated sexual assault of a child (J.A.) in cause number 98CR0765, and twenty-five (25) years confinement for the additional count of aggravated sexual assault of a child (J.A.) in cause number 98CR0767. The trial court ordered these sentences to run concurrently. Petitioner was also sentenced to fifteen (15) years confinement for indecency with a child (V.R.) in cause number 98CR0766, and the court ordered this sentence to commence after the completion of the other sentences.

As set forth above, the only remaining claim to be considered by this Court is Petitioner's second claim in which he alleges that the trial court lacked the power to order that his sentence in cause number 98CR0766 be served consecutively, rather than concurrently, with the sentences he received in the other two other cause numbers. The state court records reflect that assisted by counsel, both on appeal and in his state habeas writ, Petitioner challenged the sufficiency of the evidence to support this conviction, as well as the trial court's authority to impose consecutive sentences. (State Records ("S.R.") at 46). The Texas Court of Criminal Appeals rejected Petitioner's claim on its merits. Accordingly, Petitioner must show why that decision was contrary to, or involved an unreasonable application of federal law. 28 U.S.C. § 2254(d)(1). He has failed to do so.

The Fifth Circuit has long held that the question of whether sentences should be served concurrently or consecutively is a matter of state procedure that is not cognizable in a federal habeas petition. *Ables v. Scott*, 73 F.3d 591 (5th Cir.), *cert. denied*, 517 U.S. 1198 (1996); *Johnson v. Beto*, 383 F.2d 197 (5th Cir.), *cert. denied*, 393 U.S. 868 (1968). A federal court will not re-evaluate a sentence in a habeas proceeding unless it exceeds the statutory limits, which is not the case here. *See Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975).

Moreover, any claim of a due process or *ex post facto* violation is without merit. The state records reflect that the indictment charged that the offense against V.R. was committed on November 23, 1997, which was subsequent to the change in the Texas statute.[2] The jury, after hearing all the evidence in this case, found Petitioner guilty of the offense against V.R. as charged in the indictment. A determination of a factual issue made by a state court is presumed to be correct unless Petitioner overcomes it by clear and convincing evidence. *See generally Miniel v. Cockrell*, 339 F.3d 338-39 (5th Cir. 2003), *cert. denied*, 540 U.S. 1179 (2004) (state trial court's refusal of a challenge for cause is a factual finding that his entitled to presumption of correctness); *Profitt v. Walderon*, 831 F.2d 1245, 1250 (5th Cir. 1987) (Texas jury's finding of competency is a finding of fact that is entitled to presumption of correctness). Petitioner fails to rebut the presumption of correctness. Although Petitioner claims that the exact date of this offense against V.R. could not be established, these conclusory allegations are simply not sufficient to establish a constitutional violation. *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).

The Court therefore **RECOMMENDS** the Petition be **DENIED** on this point.

---

[2] Effective September 1, 1997, Texas law was amended and allows for a consecutive sentence in this case. Tex. Pen. Code §3.03(b); *see also Owens v. State*, 96 S.W.3d 668, 672 (Tex.App.–Austin 2003) (only "some evidence" must exist that offense was committed after the effective date to support consecutive sentence).

**Conclusion**

For all the reasons stated herein, the Court **RECOMMENDS** that Respondent's Motion for Summary Judgment (Instrument No. 25) be **GRANTED** the Petition for a Writ of Habeas Corpus of Roland Ramos (Instrument No. 1) be **DISMISSED** in its entirety.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **January 26, 2007**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections SHALL be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this \_\_\_\_8th\_\_\_\_ day of January, 2007.

_____
John R. Froeschner
United States Magistrate Judge